UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK VENEGAS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 08-8636-OP<br><br>MEMORANDUM OPINION; ORDER |

　　The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 6, 8.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole disputed issue which Plaintiff raises as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly rejected Plaintiff's credibility regarding his subjective symptoms. (JS at 4.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# DISCUSSION

**The ALJ Properly Considered Plaintiff's Subjective Complaints and Properly Assessed Plaintiff's Credibility.**

Plaintiff contends that the ALJ improperly assessed his subjective symptoms in determining his residual functional capacity ("RFC") and credibility. (JS at 7.)

Plaintiff also argues that the ALJ's rejection of Plaintiff's subjective symptoms based on lack of objective evidence is legally insufficient. (Id. at 7, 17.) Further, Plaintiff claims that the ALJ's adverse credibility determination based upon Plaintiff's daily activities is erroneous; Plaintiff states, "In short, the ALJ's obligation was not simply to point out [Plaintiff] can dress and feed himself or perform some sporadic activities, but to demonstrate that those abilities are consistent with his ability to perform work." (Id. at 10.) The Court disagrees.

### A.   Applicable Law.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for

lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

SSR 96-7p[3] further provides factors that may be considered to determine a claimant's credibility such as: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

**B.   Analysis.**

Here, the ALJ discredited Plaintiff's credibility as to his subjective symptoms for the following reasons:  (i) Plaintiff's daily activities were inconsistent with the allegations of disabling pain; and (ii) the disabling symptoms are unsupported by the objective medical record. (Administrative Record ("AR") at 13-16.)

---

[3] Social Security Rulings are binding on ALJs.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

Relying upon Plaintiff's own description of his daily activities, the ALJ found Plaintiff not be a credible witness and discredited the severity of his subjective complaints. (Id. at 13.) According to Plaintiff's own statements and testimony, he lived alone and was able to perform household chores including cooking, dusting, and light-weight grocery shopping without assistance. (Id. at 36-38, 118-19.) Plaintiff also stated that he can sit for approximately thirty minutes, stand for fifteen minutes, walk for thirty minutes, and lift approximately ten pounds. (Id. at 32-33, 119.) Plaintiff also socialized for about thirty minutes daily, drove five to ten miles, and completed chores for up to thirty minutes. (Id. at 118.) Despite these daily activities, Plaintiff testified that he suffers from neck and back pain twenty-fours a day at a pain level of ten on a ten point scale, with no alleviation from pain medications. (Id. at 36, 117.) The ALJ discredited Plaintiff's testimony as to his subjective complaints as follows:

> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. The claimant's activities of daily living such as driving his car, doing light housekeeping chores without assistance, and shopping, and the fact that he has lived alone and takes Aleve for pain are not consistent with allegations of disability and a pain level of 10.

(Id. at 13.) The Court finds that the ALJ could properly rely on Plaintiff's daily activities, such as, inter alia, completing household chores, cooking, driving, and shopping, to support his adverse credibility determination. See, e.g., Thomas, 278 F.3d at 958-59 (ALJ may properly consider inconsistencies between claimant's testimony and claimant's daily activities); Morgan v. Apfel, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may properly rely on contradictions between claimant's

5

reported limitations and claimant's daily activities); <u>Tidwell v. Apfel</u>, 161 F.3d 599, 602 (9th Cir. 1998) (daily activities inconsistent with total disability undermined subjective testimony of disabling pain); <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities, including ability to drive); <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ may properly rely on daily activities inconsistent with claim of disabling pain); SSR 96-7p.

      The ALJ also based his adverse credibility determination on the findings of the medical sources and the lack of objective medical evidence to support Plaintiff's disabling symptoms. (AR at 13-16.) The ALJ provided an extensive summary of the medical findings, which Plaintiff does not dispute. (<u>Id.</u>; JS at 3.) In his summary of the medical evidence, the ALJ indicated that Plaintiff had received and responded positively to treatment and demonstrated a decrease in disabling symptoms. (AR at 13-16, 193, 204, 219, 361-62, 447-48.) Moreover, many objective medical tests, such as MRIs and electrodiagnostic studies, resulted in normal findings. (<u>Id.</u> at 13-16, 166-78, 203, 275-80, 352-53.) Several orthopedic and neurological doctors evaluated Plaintiff and assessed primarily normal findings. (<u>Id.</u> at 13-16, 184-87, 214-20, 390-94.) Finally, the ALJ relied upon several opinions from physicians, both consultative and treating, all indicating that Plaintiff could perform work consistent with the ALJ's RFC assessment. (<u>Id.</u> at 13-16, 384, 393, 395-402.) In finding Plaintiff's disabling symptoms unsupported by the objective medical record, the ALJ stated:

> The objective medical findings generally do not substantiate the extent of the claimant's allegations . . . . All opinions in the record agree that the claimant could perform a range of light work except for the January 2008 opinion of Dr. Willis and the opinion of Dr. Kan. Dr. Kan is not a medical expert doctor but is a chiropractor. Dr. Kan has not had active contact with the claimant since the claimant's surgery.

>  Thus, his opinion does not merit significant weight. Dr. Willis's January 2008 opinion is given less weight because she has not had sufficient contact with the claimant since 2005. Moreover, Dr. Willis does not show adequate support for her very restrictive limitations, which contradict her own treatment notes. Dr. Jensen heard the claimant's testimony, cited the record, and provided a cogent rationale for his assessment. Furthermore, Dr. Jensen is an orthopedic specialist. For these reasons, I give the most weight to and adopt Dr. Jensen's opinion.[4]

(Id. at 13-16.) The record supports the ALJ's finding in that there was a lack of objective medical evidence to support Plaintiff's claims. (Id. at 13-16, 166-78, 184-87, 193, 203-04, 214-20, 275-80, 352-53, 361-62, 384, 390-402, 447-48). Accordingly, the ALJ properly discounted Plaintiff's credibility based upon the findings from his treating and consultative physicians regarding the nature, severity, and effect of Plaintiff's disabling complaints. See Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284.

Plaintiff argues that the ALJ erred by relying solely upon the lack of objective medical evidence to discredit Plaintiff's credibility. (JS at 7.) Plaintiff cites Bunnell as support for his proposition. Plaintiff contends that the Bunnell court rejected a prior credibility standard requiring both objective medical evidence of the underlying impairment, and objective medical evidence to corroborate the severity of the pain alleged. Bunnell, 947 F.2d at 343. The Bunnell court, however, elaborated upon a standard, consistent with this Court's standard, for adducing a plaintiff's credibility:

> Once the claimant produces objective medical evidence of an underlying

---

[4] Notably, Plaintiff does not allege that the ALJ improperly weighed or considered the medical evidence. Thus, the Court declines to discuss this issue.

> impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain. Further, although an adjudicator may find the claimant's allegations of severity to be not credible, the adjudicator must specifically make findings which support this conclusion.

Id. at 345; Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284. Here, the ALJ discredited Plaintiff's credibility within the bounds of this standard. The ALJ based his adverse credibility determination on Plaintiff's daily activities and the lack of objective medical evidence to support the disabling contentions. Thus, Plaintiff's argument that the ALJ relied solely upon the lack of objective medical evidence is without merit.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptoms and discounting his credibility. Thus, there was no error.

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: November 24, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge